**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

APTIV TECHNOLOGIES LIMITED,      )
                                 )
                Plaintiff,       )
                                 )        C.A. No. 23-307-JDW
        v.                       )
                                 )        **JURY TRIAL DEMANDED**
MICROCHIP TECHNOLOGY INC.,       )
                                 )
                Defendant.       )

**PLAINTIFF APTIV TECHNOLOGIES LIMITED'S ANSWER TO MICROCHIP
TECHNOLOGY, INC.'S COUNTERCLAIMS TO AMENDED COMPLAINT**

Aptiv Technologies Limited ("Aptiv") hereby submits its Answer to Microchip

Technology Inc.'s ("Microchip") Counterclaims to Aptiv's Amended Complaint (D.I. 47).

Unless specifically admitted, Aptiv denies each and every allegation made by Microchip in their

Counterclaims.

**<u>NATURE OF THE ACTION</u>**

1.      Aptiv Admits that Microchip brings counterclaims for judgment of

noninfringement and invalidity of U.S. Patent Nos. 9,619,420 (the "'420 Patent"); 9,645,962 (the

"'962 Patent"); 9,460,037 (the "'037 Patent"); 10,545,899 (the "'899 Patent"); 11,176,072 (the

"'072 Patent"); and 11,681,643 (the "'643 Patent") (collectively, the "Aptiv Patents").  Pursuant

to the Court's Order of July 17, 2023, (D.I. 51.), Aptiv denies that Microchip brings

counterclaims for infringement of U.S. Patent Nos. 8,041,874 (the "'874 Patent"); 7,564,665 (the

"'665 Patent"); and 9,471,074 (the "'074 Patent") (collectively, the "Microchip Patents") under

the Patent Laws of the United States of America, 35 U.S.C. § 100, *et seq.* because the Court

severed those claims from this case.[1]  (D.I. 51.)

## THE PARTIES

2.      Aptiv admits that Microchip Technology Inc. is a Delaware corporation with a

place of business located at 2355 West Chandler Blvd., Chandler, Arizona 85224-6199.  Aptiv

lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the

allegations of Paragraph 2 and therefore denies them.

3.      Aptiv admits the allegations of Paragraph 3.

4.      Aptiv Services US, LLC is involved in the selling, offering to sell, and/or

importing of the Dual Role Hub in the United States.  Aptiv otherwise denies the allegations in

Paragraph 4.

## JURISDICTION AND VENUE

5.      The allegations of Paragraph 5 are legal conclusions to which no response is

required.

6.      The allegations of Paragraph 6 are legal conclusions to which no response is

required.

7.      The allegations of Paragraph 7 are legal conclusions to which no response is

required.

---

[1] Per the Court's order, on July 24, 2023, Microchip served an affirmative complaint asserting infringement of the Microchip Patents against Aptiv Services US, LLC (and not Aptiv Technologies Ltd.) in a separate action, *Microchip Technology Inc. v. Aptiv Services US, LLC*, C.A. No. 1:23-778-JDW (D. Del.), D.I. 3 (the "Microchip Action").  Pursuant to Fed. R. Civ. P. 12, Aptiv Services US, LLC will answer or otherwise respond to the complaint in the Microchip Action by August 14, 2023.

## FACTUAL BACKGROUND

**A.     Microchip**

8.      Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and, on that basis, denies them.

9.      Aptiv admits that Microchip provides USB media hubs for automotive infotainment systems.  Aptiv admits that automotive infotainment systems can provide compatibility with personal computer electronic devices in vehicles and that they can provide drivers with information that aids in safe operation and navigation.  Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 and, on that basis, denies them.

10.     Aptiv admits that a media hub can provide an interface from a vehicle's infotainment system to personal electronic devices such as smartphones and tablets.  Aptiv admits that the media hub can also supply power to charge the batteries used in these devices. Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 10 and, on that basis, denies them.

11.     Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and, on that basis, denies them.

**B.     Microchip's Innovations**

12.     Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and, on that basis, denies them.

13.     This allegation relates to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required.  (D.I. 51.)

14.     Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and, on that basis, denies them.

15.     Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and, on that basis, denies them.

16.     This allegation relates to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required.  (D.I. 51.)

17.     Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, on that basis, denies them.

18.     Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, on that basis, denies them.

19.     Aptiv lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 and, on that basis, denies them.

20.     This allegation relates to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required.  (D.I. 51.)

**C.     Aptiv Services' Knowledge of the Microchip Patents**

21.     This allegation relates to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required.  (D.I. 51.)

22.     This allegation relates to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required.  (D.I. 51.)

**D.     This Action**

23.     Aptiv admits that it filed the Complaint (D.I. 1) in this action on March 20, 2023, and the Amended Complaint (D.I. 42) on June 23, 2013.  Aptiv further admits that each of the

Asserted Patents[2] claim priority to the Provisional Application No. 61/882,915, filed September 26, 2013, and that the Dual Role Hub is an embodiment of the Asserted Patents.  Otherwise, the Complaint and Amended Complaint speak for themselves and Aptiv denies all other allegations in Paragraph 23.

24.     Aptiv denies the allegations of Paragraph 24.

## FIRST COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)
### U.S. Patent No. 9,619,420

25.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 24 above as though fully set forth herein.

26.     Aptiv admits that it alleges that Microchip infringes the '420 Patent.  The remaining allegations of Paragraph 26 are legal conclusions to which no response is required.

27.     Aptiv denies the allegations of Paragraph 27.

28.     Aptiv denies the allegations of Paragraph 28.

29.     Paragraph 29 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

## SECOND COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY)
### U.S. Patent No. 9,619,420

30.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 29 above as though fully set forth herein.

---

[2] Because Microchip's infringement claims were severed from this case (D.I. 51), Aptiv herein refers to its asserted patents as the "Asserted Patents."

31.     Aptiv admits that it alleges that Microchip infringes at least one valid claim of the '420 Patent.  The remaining allegations of Paragraph 31 are legal conclusions to which no response is required.

32.     Aptiv denies the allegations of Paragraph 32.

33.     Aptiv denies the allegations of Paragraph 33.

34.     Paragraph 34 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

## THIRD COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)
**U.S. Patent No. 9,645,962**

35.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 34 above as though fully set forth herein.

36.     Aptiv admits that it alleges that Microchip infringes the '962 Patent.  The remaining allegations of Paragraph 36 are legal conclusions to which no response is required.

37.     Aptiv denies the allegations of Paragraph 37.

38.     Aptiv denies the allegations of Paragraph 38.

39.     Paragraph 39 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

## FOURTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY)
**U.S. Patent No. 9,645,962**

40.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 39 above as though fully set forth herein.

41.     Aptiv admits that it alleges that Microchip infringes at least one valid claim of the '962 Patent.  The remaining allegations of paragraph 41 are legal conclusions to which no responses is required.

42.     Aptiv denies the allegations of Paragraph 42.

43.     Aptiv denies the allegations of Paragraph 43.

44.     Paragraph 44 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

## FIFTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)
### U.S. Patent No. 9,460,037

45.     Aptiv repeats and incorporates by references its responses to Paragraphs 1 through 44 above as though fully set forth herein.

46.     Aptiv admits that it alleges that Microchip infringes the '037 Patent.  The remaining allegations of Paragraph 46 are legal conclusions to which no response is required.

47.     Aptiv denies the allegations of Paragraph 47.

48.     Aptiv denies the allegations of Paragraph 48.

49.     Paragraph 49 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

## SIXTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY)
### U.S. Patent No. 9,460,037

50.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 49 above as though fully set forth herein.

51.     Aptiv admits that it alleges that Microchip infringes at least on valid claim of the '037 Patent.  The other allegations of Paragraph 51 are legal conclusions to which no response is required.

52.     Aptiv denies the allegations of Paragraph 52.

53.     Aptiv denies the allegations of Paragraph 53.

54.     Paragraph 54 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

<u>SEVENTH COUNTERCLAIM</u>

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)**
**U.S. Patent No. 10,545,899**

55.     Aptiv repeats and incorporates by references its responses to Paragraphs 1 through 54 above as though fully set forth herein.

56.     Aptiv admits that it alleges that Microchip infringes the '899 Patent.  The remaining allegations of Paragraph 56 are legal conclusions to which no response is required.

57.     Aptiv denies the allegations of Paragraph 57.

58.     Aptiv denies the allegations of Paragraph 58.

59.     Paragraph 59 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

<u>EIGHTH COUNTERCLAIM</u>

**(DECLARATORY JUDGMENT OF INVALIDITY)**
**U.S. Patent No. 10,545,899**

60.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 59 above as though fully set forth herein.

61.     Aptiv admits that it alleges that Microchip infringes at least one valid claim of the '899 Patent.  The remaining allegations of Paragraph 61 are legal conclusions to which no response is required.

62.     Aptiv denies the allegations of Paragraph 62.

63.     Aptiv denies the allegations of Paragraph 63.

64.     Paragraph 64 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

## NINTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)
### U.S. Patent No. 11,176,072

65.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 64 above as though fully set forth herein.

66.     Aptiv admits that it alleges that Microchip infringes the '072 Patent.  The remaining allegations of Paragraph 66 are legal conclusions to which no response is required.

67.     Aptiv denies the allegations of Paragraph 67.

68.     Aptiv denies the allegations of Paragraph 68.

69.     Paragraph 69 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

## TENTH COUNTERCLAIM

### (DECLARATORY JUDGMENT OF INVALIDITY)
### U.S. Patent No. 11,176,072

70.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 69 above as though fully set forth herein.

71.     Aptiv admits that it alleges that Microchip infringes at least one valid claim of the '072 Patent.  The remaining allegations of Paragraph 71 are legal conclusions to which no response is required.

72.     Aptiv denies the allegations of Paragraph 72.

73.     Aptiv denies the allegations of Paragraph 73.

74.     Paragraph 74 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

<u>ELEVENTH COUNTERCLAIM</u>

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)**
**U.S. Patent No. 11,681,643**

75.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 74 above as though fully set forth herein.

76.     Aptiv admits that it alleges that Microchip infringes the '643 Patent.  The remaining allegations of Paragraph 76 are legal conclusions to which no response is required.

77.     Aptiv denies the allegations of Paragraph 77.

78.     Aptiv denies the allegations of Paragraph 78.

79.     Paragraph 79 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

<u>TWELFTH COUNTERCLAIM</u>

**(DECLARATORY JUDGMENT OF INVALIDITY)**
**U.S. Patent No. 11,681,643**

80.     Aptiv repeats and incorporates by reference its responses to Paragraphs 1 through 79 above as though fully set forth herein.

81.     Aptiv admits that it alleges that Microchip infringes at least on valid claim of the '643 Patent.  The remaining allegations of Paragraph 81 are legal conclusions to which no response is required.

82.     Aptiv denies the allegations of Paragraph 82.

83.     Aptiv denies the allegations of Paragraph 83.

84.     Paragraph 84 consists only of Microchip's request for a declaration and includes no allegations, and thus requires no response.

## THIRTEENTH COUNTERCLAIM

### (INFRINGEMENT BY APTIV SERVICES)
### U.S. Patent No. 8,041,874

85.     Aptiv repeats and incorporates by reference its Answers to Paragraphs 1 through 84 above as though fully set forth herein.

86.     The allegations in Paragraph 86 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

87.     The allegations in Paragraph 87 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

88.     The allegations in Paragraph 88 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

89.     The allegations in Paragraph 89 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

90.    The allegations in Paragraph 90 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

91.    The allegations in Paragraph 91 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

92.    The allegations in Paragraph 92 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

93.    The allegations in Paragraph 93 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

94.    The allegations in Paragraph 94 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

95.    The allegations in Paragraph 95 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

96.    The allegations in Paragraph 96 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

97.     The allegations in Paragraph 97 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

98.     The allegations in Paragraph 98 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

99.     The allegations in Paragraph 99 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

100.    The allegations in Paragraph 100 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

101.    The allegations in Paragraph 101 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

<u>**FOURTEENTH COUNTERCLAIM**</u>

**(INFRINGEMENT BY APTIV SERVICES)**
**U.S. Patent No. 7,564,665**

102.    Aptiv repeats and incorporates by reference its Answers to Paragraphs 1 through 101 above as though fully set forth herein.

103.    The allegations in Paragraph 103 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

104.    The allegations in Paragraph 104 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

105.    The allegations in Paragraph 105 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

106.    The allegations in Paragraph 106 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

107.    The allegations in Paragraph 107 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

108.    The allegations in Paragraph 108 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

109.    The allegations in Paragraph 109 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

110.    The allegations in Paragraph 110 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

111.    The allegations in Paragraph 111 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

112.    The allegations in Paragraph 112 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

113.    The allegations in Paragraph 113 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

114.    The allegations in Paragraph 114 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

115.    The allegations in Paragraph 115 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

116.    The allegations in Paragraph 116 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

117.    The allegations in Paragraph 117 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

118.    The allegations in Paragraph 118 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

119.    The allegations in Paragraph 119 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

120.    The allegations in Paragraph 120 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

121.    The allegations in Paragraph 121 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

122.    The allegations in Paragraph 122 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

123.    The allegations in Paragraph 123 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

## FIFTEENTH COUNTERCLAIM

### (INFRINGEMENT BY APTIV SERVICES)
### U.S. Patent No. 9,471,074

124.    Aptiv repeats and incorporates by reference its Answers to Paragraphs 1 through 123 above as though fully set forth herein.

125.     The allegations in Paragraph 125 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

126.     The allegations in Paragraph 126 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

127.     The allegations in Paragraph 127 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

128.     The allegations in Paragraph 128 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

129.     The allegations in Paragraph 129 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

130.     The allegations in Paragraph 130 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

131.     The allegations in Paragraph 131 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

132.     The allegations in Paragraph 132 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

133.     The allegations in Paragraph 133 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

134.     The allegations in Paragraph 134 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

135.     The allegations in Paragraph 135 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

136.     The allegations in Paragraph 136 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

137.     The allegations in Paragraph 137 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

138.     The allegations in Paragraph 138 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

139.   The allegations in Paragraph 139 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

140.   The allegations in Paragraph 140 relate to one of Microchip's counterclaims that was severed by the Court and no longer part of this case, and therefore no response is required. (D.I. 51.)

<b><u>MICROCHIP'S PRAYER FOR RELIEF</u></b>

Microchip's Answer and Counterclaims recites a prayer for relief to which no response is required, particularly in light of the fact that at least a portion of that prayer for relief relates to the Microchip Counterclaims that the Court severed and which are no longer part of this action. (D.I. 51.).  To the extent a response is required. Aptiv denies that Microchip is entitled to any relief whatsoever in this action, either as requested in its Answer and Counterclaims or otherwise.

<b><u>GENERAL DENIAL</u></b>

Expect as specifically admitted herein, Aptiv denies the remaining allegations in Microchip's Answer and Counterclaims.

OF COUNSEL:

Daralyn J. Durie
Timothy Saulsbury
Eric C. Wiener
Andrew L. Perito
Joyce C. Li
Tannyr Pasvantis
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000

Andrew T. Jones
MORRISON & FOERSTER LLP
2100 L St., NW
Suite 900
Washington, D.C., 20037
(202) 887-1500

W. Henry Huttinger
MORRISON & FOERSTER LLP
707 Wilshire Blvd.
Los Angeles, CA  90017
(213) 892-5200

Dated:  August 4, 2023
10953522

POTTER ANDERSON & CORROON LLP

By:  */s/  Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Plaintiff*
*Aptiv Technologies Limited*